UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LAURA VAUGHNS and ALBERT J. VAUGHNS, individually and as Joint Guardians to A G, J C, Z L, L S, and B J, their minor children; and ZOE MARIE TOWNSEND VAUGHNS,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK,<br><br>Defendant. | Case No.<br><br>COMPLAINT FOR DAMAGES<br><br>JURY DEMAND |

**1.     IDENTIFICATION OF PARTIES**

1.1     Plaintiff, Laura Vaughns, is an adult U.S. citizen, and resident of the State of Washington.

1.2     Plaintiff, Albert J. Vaughns, is an adult U.S. citizen, and resident of the State of Washington.

1.3     Plaintiff, AG, is a minor child, U.S. citizen, and resident of the State of Washington.

1.4     Plaintiff, J C, is a minor child, U.S. citizen, and resident of the State of Washington.

COMPLAINT FOR DAMAGES - 1

1.5     Plaintiff, Z L, is a minor child, U.S. citizen, and resident of the State of Washington.

1.6     Plaintiff, L S, is a minor child, U.S. citizen, and resident of the State of Washington.

1.7     Plaintiff, B J, is a minor child, U.S. citizen, and resident of the State of Washington.

1.8     Plaintiff, Zoe Marie Townsend Vaughns, is an adult U.S. citizen, and resident of the State of Washington.

1.9     Laura Vaughns and Albert J. Vaughns, are the parents and guardians of AG, J C, Z L, L S, and B J and the parents of Zoe Marie Townsend Vaughns.

1.10    Defendant, NATIONAL RAILROAD PASSENGER CORPORATION a/k/a AMTRAK (AMTRAK), is a corporation organized and existing under the laws of the United States of America with a principal place of business in Washington, D.C.  Defendant AMTRAK has an office for the transaction of business, and transacts business in King County, Washington.

1.11    There may be unknown entities or "John Does" who may be at fault and when their identification becomes known, these pleadings may be amended accordingly.  This may include but is not limited to those entities owning the tracks or cars, as well as those entities involved in the design or construction of the route, or in the operation of rail service, directly or through contractors, such as Central Puget Sound Regional Transit Authority, a/k/a Sound Transit, a Washington municipal corporation, and/or the Washington State Department of Transportation, a/k/a WSDOT.

## 2.    JURISDICTION AND VENUE

2.1     The court has federal question jurisdiction over the claims asserted herein pursuant to 28 U.S.C. § 1331, because, on information and belief, AMTRAK is a congressionally incorporated corporation, over half of whose capital stock is owned by the federal government.  Venue is proper in the Western District of Washington pursuant to 28 U.S.C. § 1391 because a

COMPLAINT FOR DAMAGES - 2

substantial part of the events or omissions giving rise to the claim occurred in this district, and AMTRAK is subject to the court's personal jurisdiction with respect to this claim.

### 3.     NATURE OF OCCURRENCE

3.1.    On and before December 18, 2017, Defendant AMTRAK was a corporation doing business as a common carrier engaged in the transportation of passengers between various destinations in the State of Washington.

3.2     On December 18, 2017, Defendant AMTRAK through its employees and/or agents, operated, managed, maintained, supervised, owned, designed, constructed and/or controlled AMTRAK Train No. 501, which originated in Seattle, Washington and was destined for other stops.

3.3     Defendant marketed and sold Plaintiff Laura Vaughns a ticket for the inaugural run of AMTRAK Train No. 501 in Washington. On the morning of December 18, 2017, Plaintiff Laura Vaughns boarded AMTRAK Train No. 501 as a passenger at the King Street Station in Seattle, Washington.

3.4     At approximately 7:33 a.m., AMTRAK Train No. 501 traveled on a segment of railroad track about 40 miles south of Seattle, Washington that was operated, managed, maintained, supervised, owned, designed, constructed and/or controlled, or contracted to operate, manage, maintain, supervise, own and/or control by Defendant AMTRAK. AMTRAK Train No. 501 was operated by employees and/or agents of Defendant AMTRAK.

3.5     A sharp and dangerous curve existed on this segment where the railroad track crossed over I-5 from west to east.

3.6     On December 18, 2017, at approximately 7:33 a.m., AMTRAK Train No. 501 approached the curve and bridge crossing I-5 at a speed greatly exceeding the authorized, posted,

COMPLAINT FOR DAMAGES - 3

LUVERA LAW FIRM
ATTORNEYS AT LAW

6700 COLUMBIA CENTER • 701 FIFTH AVENUE
SEATTLE, WASHINGTON 98104
(206) 467-6090

safe and lawful speed limit for this segment of the track.

3.7   AMTRAK Train No. 501 derailed through the curve and at the bridge crossing I-5, causing serious injuries to Plaintiff Laura Vaughns and other passengers on board the train.

3.8   As a result of derailment, Plaintiff Laura Vaughns was traumatized and taken to the hospital for care and treatment.

3.9   At all times relevant to this accident, Defendant AMTRAK equipped AMTRAK Train No. 501 with a Positive Train Control system (hereinafter "PTC"), but knowingly failed to make the system operable.

3.10   In 2008, Congress enacted the Rail Safety Improvement Act of 2008 (RSIA), which requires passenger railroads to install a PTC system no later than the end of 2015.

3.11   The PTC systems mandated by Congress were designed specifically to increase safety and prevent derailments caused by excessive speeds, among other purposes.

3.12   PTC provides real-time information to train crew members about, among other things, the areas in which a train must be slowed or stopped and the speed limits at approaching curves and other reduced-speed locations.

3.13   PTC also warns the train crew of the train's safe braking distance in curved or reduced-speed locations and displays the same on screens inside the locomotive's cab.

3.14   If the engineer does not respond to the ample warnings and on-screen displays, the PTC system will automatically activate the brakes and safely slow or stop the train.

3.15   At all times relevant hereto, PTC systems were affordable, available, feasible, and intended to improve safety.

3.16   Defendant AMTRAK knowingly and intentionally failed to utilize an operable PTC or similar safety control system on the AMTRAK Train No. 501 and the segment of railroad track

COMPLAINT FOR DAMAGES - 4

where this tragic and preventable derailment occurred.

    3.17    The failure to have PTC was a factor that caused AMTRAK Train No. 188 to derail in Philadelphia, Pennsylvania, in 2015 and to cause other derailments, collisions and injuries known to defendant.

    3.18    The NTSB has been recommending train control systems for safety for years. Prior to December 18, 2017, Defendant AMTRAK knew that PTC systems safeguarded their transportation system, prevented derailments, and precluded passenger injuries.

    3.19    Defendant AMTRAK failed to use available train control systems and other safety technologies that would have prevented the derailment and injuries to their passengers and failed to warn passengers and the public it was marketing, selling, and operating commercial transportation without this long-recommended safety device.

## 4. **NATURE OF LIABILITY**

    4.1    Plaintiffs' injuries, damages, and losses were proximately caused by Defendant AMTRAK's wrongful conduct under common law, federal and state statutes and regulations, and the Washington Consumer Protection Act, rendering defendant liable and at fault for all injuries and damages.

    4.2    On December 18, 2017, Defendant AMTRAK, through its agents and/or employees, was a common carrier and owed passenger Laura Vaughns the highest duties of care, as well as duties of ordinary and reasonable care.

    4.3    Defendant AMTRAK, through its agents and/or employees, was at fault and violated the highest duty of care, including but not limited to one or more of the following ways:

    a.    Failed to slow its train when it knew or should have known that the speed was too fast for the sharp and dangerous curve;

COMPLAINT FOR DAMAGES - 5

**LUVERA LAW FIRM**
ATTORNEYS AT LAW

6700 COLUMBIA CENTER • 701 FIFTH AVENUE
SEATTLE, WASHINGTON 98104
(206) 467-6090

b. Operated the train in excess of the authorized, posted, safe, and lawful speed limit;

c. Failed to install and render operable proper train-control safety and speed systems;

d. Operated the train without keeping a safe and proper lookout;

e. Failed to comply with Defendant's own operational and safety plan, rules, standards, and procedures;

f. Failed to comply with the applicable federal standards of care, including, but not limited to, the failure to comply with applicable federal statutes or regulations;

g. Failed to properly train its agents and/or employees in the proper operations of the train;

h. Failed to properly supervise its agents and/or employees in the proper operation of the train.

4.4 Defendant AMTRAK is also liable for punitive and/or exemplary damages under choice of law principles for the reckless and/or willful disregard of the rights and safety of the passengers and the public.

4.5 Defendant AMTRAK failed to provide material information to Laura Vaughns, thus acting unfairly or deceptively in trade or commerce in violation of the Washington Consumer Protection Act, RCW 19.86. *et seq.*, including, but not limited to, the failure to inform her that:

a. Its engineer had insufficient experience and training to safely operate AMTRAK Train No. 501 on the route originating in Seattle on December 18, 2017;

b. AMTRAK operated the train with an assistant conductor who was neither certified nor qualified;

c. AMTRAK operated the train without enabling and/or providing a fully operational PTC or other safety devices.

## 5. **INJURIES, HARM AND DAMAGES**

5.1 As a direct and proximate result of one or more of the above acts and/or omissions

COMPLAINT FOR DAMAGES - 6

of the Defendant AMTRAK, Plaintiff suffered serious physical and emotional injuries, requiring past and future medical care, disability, loss of enjoyment of life, pain, anxiety, distress and emotional trauma, physical impairment and disfigurement, pecuniary and economic losses, and other injuries, harm, and noneconomic damages which are ongoing and the total amount of which will be proven at trial.

5.2   Plaintiffs Albert J. Vaughns, A G, J C, Z L, L S, B J, and Zoe Marie Townsend Vaughns have suffered the loss of consortium of their wife and mother Laura Vaughns, respectively.

5.3   Plaintiffs have suffered injury and damages, including loss of business or property as a result of Defendant AMTRAK's violation of the Consumer Protection Act.

## 6.   **RELIEF CLAIMED**

6.1   Plaintiffs claim all economic and non-economic damages along with all compensatory, pecuniary, and exemplary damages.

6.2   Plaintiffs claim all fees and expenses, including attorney fees, treble damages, prejudgment interest and all other damages recoverable under Washington's Consumer Protection Act.

6.3   Plaintiffs seek injunctive relief to protect the public.

6.4   Plaintiffs reserve the right to seek other damages as appropriate.

WHEREFORE, Plaintiffs pray for judgment against Defendant, NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, in such amount as will be proven at the time of trial, together with such other and further relief as the jury or court deems appropriate.

///

///

COMPLAINT FOR DAMAGES - 7

LUVERA LAW FIRM
ATTORNEYS AT LAW
6700 COLUMBIA CENTER • 701 FIFTH AVENUE
SEATTLE, WASHINGTON 98104
(206) 467-6090

1 DATED this 11th day of October, 2018.

LUVERA LAW FIRM

*/s/ Robert N. Gellatly*
Robert N. Gellatly, WSBA 15284
*/s/ David M. Beninger*
David M. Beninger, WSBA 18432
*/s/ Andrew Hoyal*
Andrew Hoyal, WSBA 21349
6700 Columbia Center
701 Fifth Avenue
Seattle, WA 98104
Telephone: (206) 467-6090
robert@luveralawfirm.com
david@luveralawfirm.com
andy@luveralawfirm.com

Attorneys for Plaintiffs Vaughns

COMPLAINT FOR DAMAGES - 8

# JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs Vaughns herein request a jury trial by a jury of twelve in the above-referenced matter.

DATED this 11th day of October, 2018.

LUVERA LAW FIRM

*/s/ Robert N. Gellatly*
Robert N. Gellatly, WSBA 15284
*/s/ David M. Beninger*
David M. Beninger, WSBA 18432
*/s/ Andrew Hoyal*
Andrew Hoyal, WSBA 21349
6700 Columbia Center
701 Fifth Avenue
Seattle, WA 98104
Telephone: (206) 467-6090
robert@luveralawfirm.com
david@luveralawfirm.com
andy@luveralawfirm.com

Attorneys for Plaintiffs Vaughns

COMPLAINT FOR DAMAGES - 9

LUVERA LAW FIRM
ATTORNEYS AT LAW

6700 COLUMBIA CENTER • 701 FIFTH AVENUE
SEATTLE, WASHINGTON 98104
(206) 467-6090